STACK v. PICARD.

MANDAMUS—AUDITOR GENERAL—AUDIT OF STATE LIQUOR CONTROL
COMMISSION RECORDS.

Petition by auditor general for mandamus to compel State liquor
control commission to permit him to audit all of its records is
denied *pro tempore* where affidavit in opposition thereto by
chairman of commission shows that right to audit has not been
passed upon by commission.

Petition by John K. Stack, Jr., Auditor General, for mandamus to compel Frank E. Picard, Verold E. Gormely and Dean Halford, composing State Liquor Control Commission, to permit him to audit all of its records. Submitted April 3, 1934. (Calendar No. 37,826½.) Petition dismissed April 6, 1934.

*George L. Hauser,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *William B. Brunner,* Assistant Attorney General, for defendant.

PER CURIAM. The plaintiff, auditor general, seeks mandamus to compel the defendant, State liquor control commission, to permit him, or his assistants, to make an audit of all of its records. In his petition therefor he alleged that he made demand upon Frank Picard, the chairman of the commission, for leave to do so and that the same was denied.

Notice of the petition having been served on the defendant, it appeared specially and filed objections to the issuance of an order to show cause therein. Attached thereto was an affidavit of Mr. Picard, in which he stated that he had not refused "to grant to the auditor general the right to make the audit

requested;" that at the time the demand was made for such audit, Mr. Picard stated that he would present it to the commission, but that almost immediately thereafter and without awaiting sufficient time in which Mr. Picard could present such demand to the commission, plaintiff filed the petition for mandamus. Mr. Picard intimates that such an audit will be allowed when the request is presented to the liquor commission.

It thus appears that there has been a misunderstanding relative to the right of the plaintiff to make such audit, and, in view of the statements of the chairman in his affidavit, it is apparent that no useful purpose will be accomplished by the issuance of the order to show cause at this time. Should the necessity therefor later arise, the petition therefor may be renewed.

A number of jurisdictional questions are presented by the attorney general, who appeared specially for the defendant. In view of the probability that no further proceedings will be had, we do not now consider them.